UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) NO. 4:19 CR 001013 AGF |
| TAMMY FOX, | ) |
| Defendant. | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for said District and, for its Sentencing Memorandum, states to this Honorable Court as follows:

1. By any standard or measure, defendant Fox's criminal conduct caused substantial harm to the victim company and its employees. Application of the United States Sentencing Guidelines here advises a sentence of 27 – 33 months' imprisonment. This is based upon defendant's substantial and lengthy period of criminal conduct here, the significant loss to the victim company, and defendant's abuse of her position of trust with the victim company.

2. Title 18, United States Code, Section 3553(a) sets out the factors this Court should consider in fashioning an appropriate sentence. The first such factor to be considered includes the nature of the offense, 18 U.S.C. 3553(a)(l). In this case, defendant was the longtime office manager for the victim company, having been hired during 2009 and remaining in that position until her criminal scheme was discovered during 2018. In her position, defendant had access to the company's bank accounts and was responsible for maintaining the company's internal financial records, and preparing and providing the company's financials to its outside accounting firm each

1

month.  Needless to say, the victim company's owner and employees trusted defendant completely, and relied upon her to handle the important day to day financial operations of the company. Through her conduct, she took advantage of her position and the generosity of the victim company, and embezzled just over $400,000.  This was not an isolated incident, as her criminal conduct continued week after week, month after month, and year after year *for eight (8) years*.  Further, defendant's criminal conduct involved manipulation of the victim company's internal financial records and external financial statements in order to conceal her scheme from the company's owner and the company's external accounting/audit firm.

3. Defendant's scheme involved the unauthorized issuance of company checks to herself and to her live in significant other, which funds were used for defendant's personal expenses, including for clothing, restaurants, automobile payments, rent payments, and substantial cash withdrawals.  During the period of her scheme, over the eight year period, defendant issued approximately 230 unauthorized checks on the victim company's bank account, either by forging the owner's signature to the checks, or utilizing pre-signed company checks intended for legitimate company vendors.  Unauthorized checks totaled approximately $377,000.  Further, defendant charged personal expenses to the victim company's American Express corporate credit card without the knowledge and authority of the company, thereby stealing an additional $25,000 from the company.  In order to conceal her scheme, defendant then manipulated the company's internal financial accounting records, and also falsified the company's financial statements and reports which she then provided to the company's outside accounting firm.  But for the fact that another company employee inadvertently discovered defendant's apparent fraud scheme, defendant's scheme would have remained undetected and continued without disruption.  The total obtained by defendant through this fraudulent scheme was approximately $400,000.  Defendant used those ill-

gotten funds for her own personal use, with no concern for the financial stability of the victim company.

4. When all of the facts and circumstances are considered here, defendant's criminal conduct has to be viewed as substantial and egregious. It boggles the mind to consider the substantial amount of time defendant took in concocting and carrying out her scheme; the forging of the company checks, the creation and maintenance of the false internal company records, and the creation and distribution of the false monthly financial reports. All time taken away from her actual duties and responsibilities as office manager. Attached hereto as Exhibit A is an August 19, 2020 victim impact statement from the victim company's owner. The letter speaks for itself, but clearly, defendant's criminal conduct has had a harmful and lasting effect on the victim company and, more importantly, on the company's employees who worked with and under the defendant. They feel betrayed by defendant's criminal conduct, and rightfully so. This letter from the victim company's owner is included for the Court's further reference regarding the harmful nature of defendant's fraud scheme.

5. This Court's sentence should also afford adequate deterrence to criminal conduct, 18 U.S.C. 3553(a)(2)(B). As stated previously, this defendant was the longtime office manager for a highly regarded company operating in the St. Louis area, and nationally. She abused that position of trust in carrying out her scheme and theft of substantial company funds. This Court should fashion an appropriate sentence and punishment not only to deter this defendant from future criminal conduct, but in order to deter other individuals in similar trusted management positions from committing similar crimes. Unfortunately, one need only look to the many recent prosecutions right here in the Eastern District of Missouri involving internal employee schemes and embezzlements to grasp the significance of these types of crimes, and the need for adequate

punishment to deter these type of defendants and others.

6.      If defendant is in need of health care treatment, that should not be the determinative factor considered by this Court in fashioning an appropriate sentence.  Defendant can receive any necessary treatment within the Bureau of Prisons.  Further, the mere fact that defendant is a first time offender should not be the basis for a variance here, as the overwhelming majority of similarly situated defendants are first time offenders.  The Sentencing Guidelines have already taken that fact into consideration in determining the advisory guidelines sentencing range here.

7.      Defendant has an advisory guideline sentence under the United States Sentencing Commission Guidelines of 27-33 months in prison.  It is the government's position that justice and fairness require such a sentence in this case.  Such a sentence by this Court will adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for defendant's criminal offenses as is required by 18 U.S.C. 3553(a)(2)(A).

WHEREFORE, the United States of America prays that this Honorable Court sentence defendant to a term of imprisonment within the advisory sentencing guidelines as appropriate under the facts and circumstances presented here, and for such other relief as this Court deems appropriate and just under the circumstances.

> Respectfully submitted,
>
> JEFFREY B. JENSEN
> United States Attorney
>
>  */s/  Hal Goldsmith*
> HAL GOLDSMITH, #32984(MO)
> Assistant United States Attorney
> 111 S. 10th Street, Room 20.331
> St. Louis, Missouri 63102
> (314) 539-2200
> hal.goldsmith@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the counsel for defendant.

/s/ Hal Goldsmith
HAL GOLDSMITH
Assistant United States Attorney
